PAUL A. TURCKE (applicant *pro hac vice*)  
MOORE SMITH BUXTON & TURCKE, CHTD.  
Attorneys at Law  
950 West Bannock Street, Suite 520  
Boise, Idaho 83702  
Telephone: (208) 331-1800  
Facsimile: (208) 331-1202  
pat@msbtlaw.com  

DENNIS L. PORTER (Cal. Bar #67176)  
Attorney at Law  
8120 36th Avenue  
Sacramento, California 95824-2304  
Telephone: (916) 381-8300  
Facsimile: (916) 381-8726  
dlporter2@yahoo.com  

Attorneys for Defendant-Intervenor-Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service,<br><br>Defendants,<br><br>and<br><br>CALIFORNIA ASSOCIATION OF FOUR WHEEL DRIVE CLUBS, AMERICAN MOTORCYCLIST ASSOCIATION, District 36, CALIFORNIA ENDURO RIDERS ASSOCIATION, and BLUERIBBON COALITION,<br><br>Defendant-Intervenor-Applicants. | Civil No. 08-1185-MHP<br><br>NOTICE AND MOTION TO INTERVENE<br><br>Date: June 30, 2008<br>Time: 2:00 o'clock p.m.<br>Courtroom: 15, 18th Floor<br>Judge: Honorable Marilyn H. Patel |

NOTICE AND MOTION TO INTERVENE - Page 1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

    PLEASE TAKE NOTICE that the California Association of Four Wheel Drive Clubs, American Motorcyclist Association, District 36, California Enduro Riders Association, and BlueRibbon Coalition, will move this Court to intervene in the above-captioned matter on June 30, 2008 at 2:00 o'clock p.m., before the Honorable Marilyn H. Patel, Courtroom 15, 18th Floor, of the U.S. District Court for the Northern District of California, or as soon thereafter as the matter may be heard.  This motion is based upon the contemporaneously-filed Memorandum of Points and Authorities, the declarations of John Stewart, Rick Guidice, and Don Amador, the pleadings and record in this action, and on such other evidence or argument as may presented before decision hereon.

    Respectfully submitted this 15th day of May, 2008.

                                    DENNIS L. PORTER, ATTORNEY AT LAW

                                    /s/  Dennis L. Porter
                                  Dennis L. Porter
                                  Of Attorneys for Defendant-Intervenor Applicants

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.

                                    /s/  Dennis L. Porter
                                  Dennis L. Porter

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN,JR.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service,<br><br>        Defendants,<br><br>and<br><br>CALIFORNIA ASSOCIATION OF FOUR WHEEL DRIVE CLUBS, AMERICAN MOTORCYCLIST ASSOCIATION, District 36, CALIFORNIA ENDURO RIDERS ASSOCIATION, and BLUERIBBON COALITION,<br><br>        Defendant-Intervenor-Applicants. | Civil No. 08-1185-MHP<br><br>(PROPOSED)<br>ORDER GRANTING<br>INTERVENTION |

(PROPOSED)
ORDER GRANTING INTERVENTION -- 1

This matter is before the Court on a motion to intervene filed by the California Association of Four Wheel Drive Clubs, the American Motorcyclist Association, District 36, California Enduro Riders Association, and the BlueRibbon Coalition (collectively, the "Recreational Groups").

This case arises under the National Forest Management Act and the National Environmental Policy Act, which impose land management and other duties on the Federal Defendants. The Ninth Circuit Court of Appeals makes it clear that in such cases, "the federal government is the only proper defendant…." *Churchill County v. Babbitt*, 150 F.3d 1072, 1082, *as amended*, 158 F.3d 491 (9th Cir. 1998); *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002). Under these precedents, this Court lacks discretion to allow intervention as of right under Fed. R. Civ. P. 24(a).

The Court finds that permissive intervention under Fed. R. Civ. P. 24(b) is appropriate. The Court has discretion to allow permissive intervention (1) "upon timely application"; (2) "when an applicant's claim or defense and the main action have a common question of law or fact in common"; and (3) after considering whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

The Court finds the motion to intervene meets the timeliness requirement. Federal Defendants have not yet answered the Complaint and no substantive proceedings have yet been presented to or considered by the Court.

The Recreational Groups possess numerous interests and related legal claims or defenses which satisfy the criteria for permissive intervention. The Recreational Groups enjoy recreational access, socioeconomic, and aesthetic interests relating to the subject matter of this suit. *See, e.g.*, Declaration of John Stewart at ¶ 2; Declaration of Rick Guidice at ¶ 2;

Declaration of Don Amador at ¶ 4.  The Court additionally notes that at least some of these same organizations were previously allowed to intervene in prior cases involving the same areas and at least some of the same parties. See *California ex rel Lockyer v. U.S. Dep't. Agric.*, 459 F.Supp.2d 874 (N.D.Cal. 2006), *appeals docketed and consolidated*, 9th Cir. Appeal Nos. 07-15613, 07-15614 and 07-15695.  Some of the Recreational Groups additionally participated as Plaintiffs in litigation challenging the 2001 Roadless Rule in the District of Idaho and Ninth Circuit Court of Appeals.  *Kootenai Tribe of Idaho v. Veneman*, 142 F.Supp.2d 1231 (D. Idaho 2001), *rev'd*, 313 F.3d 1094 (9th Cir. 2002).

Given these circumstances, it is appropriate that the Recreational Groups be allowed to intervene in this case.

IT IS HEREBY ORDERED that the Recreational Groups' motion to intervene is GRANTED and the Recreational Groups shall have full rights as a party in this case.

IT IS FURTHER ORDERED that counsel for the Recreational Groups will cause the proposed answer submitted with the motion to intervene to be filed with the Court.

IT IS SO ORDERED.

DATED this ____ day of _____, 2008.

> _____
> The Honorable Marilyn H. Patel
> United States District Judge

(PROPOSED)
ORDER GRANTING INTERVENTION -- 3

1  PAUL A. TURCKE (applicant *pro hac vice*)   DENNIS L. PORTER (Cal. Bar #67176)
   MOORE SMITH BUXTON & TURCKE, CHTD.   Attorney at Law
2  Attorneys at Law                            8120 36th Avenue
   950 West Bannock Street, Suite 520          Sacramento, California 95824-2304
3  Boise, Idaho 83702                          Telephone: (916) 381-8300
   Telephone: (208) 331-1800                   Facsimile: (916) 381-8726
4  Facsimile: (208) 331-1202                   dlporter2@yahoo.com
5  pat@msbtlaw.com

6  Attorneys for Defendant-Intervenor-Applicants

7                          UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9  CALIFORNIA RESOURCES AGENCY,              )
   CALIFORNIA DEPARTMENT OF FORESTRY          )
10 AND FIRE PROTECTION, PEOPLE OF THE         )  Civil No. 08-1185-MHP
   STATE OF CALIFORNIA, *ex rel.* CALIFORNIA  )
11 ATTORNEY GENERAL EDMUND G.                 )
12 BROWN, JR.,                                )  (PROPOSED)
                                              )  ANSWER OF RECREATION GROUP
13            Plaintiffs,                     )  INTERVENOR-APPLICANTS
                                              )
14 v.                                         )
                                              )
15 UNITED STATES DEPARTMENT OF                )
   AGRICULTURE; ED SCHAFER, Secretary of      )  Date: June 30, 2008
16 Agriculture; UNITED STATES FOREST SERVICE; )  Time: 2:00 o'clock p.m.
   and GAIL KIMBALL, Chief of the United States )  Courtroom: 15, 18th Floor
17 Forest Service, and RANDY MOORE, Regional  )  Judge: Honorable Marilyn H. Patel
   Forester, Pacific Southwest Region, United States )
18 Forest Service,                            )
                                              )
19            Defendants,                     )
                                              )
20 and                                        )
                                              )
21 CALIFORNIA ASSOCIATION OF FOUR WHEEL )
22 DRIVE CLUBS, AMERICAN MOTORCYCLIST )
   ASSOCIATION, District 36, CALIFORNIA       )
23 ENDURO RIDERS ASSOCIATION, and             )
   BLUERIBBON COALITION,                      )
24                                            )
25            Defendant-Intervenor-Applicants. )
                                              )

(PROPOSED)
ANSWER OF RECREATION GROUP INTERVENOR-APPLICANTS - 1

**(PROPOSED)**
**ANSWER OF RECREATION GROUP INTERVENOR-APPLICANTS**

The California Association of 4 Wheel Drive Clubs, American Motorcyclist Association District 36, California Enduro Riders Association, and BlueRibbon Coalition (the "Recreation Groups") hereby answer the Plaintiffs' First Amended Complaint in this matter using the same numbering scheme as in Plaintiffs' Complaint for Declaratory and Injunctive Relief. Unless specific responses to individual sentences or allegations are indicated, the response herein applies to the entire corresponding paragraph of Plaintiffs' Complaint for Declaratory and Injunctive Relief. . The Recreational Groups admit, deny, and allege as follows:

## INTRODUCTION

1-17.  Introductory statements characterizing the nature of the action , Plaintiffs' claims, or legal authority requiring no response; deny to the extent a response is required.

## VENUE

18.  Presents legal conclusions requiring no response; deny to the extent a response is required.

## INTRADISTRICT ASSIGNMENT

19.  Admit that if venue is proper based on the residence of the Attorney General that the case arises in any county in which the Attorney General has an office.

## PARTIES

20.  Lack information sufficient to admit or deny and therefore deny.

21-27.  Admit.

## FACTUAL ALLEGATIONS

28.  Generally admit, and note that the referenced documents speak for themselves and are the best evidence of their contents.

29. First through Third sentences: Admit, and further note that other entities and organizations submitted comments not included within those listed by Plaintiffs' Third Sentence. Remaining Sentences: Lack information sufficient to admit or deny and therefore deny.

30-31. Lack information sufficient to admit or deny and therefore deny.

32. Admit.

33-46. The referenced documents speak for themselves and are the best evidence of their contents, lack information sufficient to admit or deny regarding the characterization of communications between Plaintiffs and Federal Defendants, and otherwise deny.

### **FIRST CLAIM FOR RELIEF**

47. Incorporate the allegations of the applicable preceding paragraphs.

48-52. Characterize legal authorities requiring no response; to the extent any response is required, admit the cited authorities contain the cited language or provisions, which speak for themselves and are the best evidence of their contents; deny any legal conclusions, advanced or implied, and otherwise deny.

53. Deny.

### **SECOND CLAIM FOR RELIEF**

54. Incorporate the allegations of the applicable preceding paragraphs.

55-57. Characterize legal authorities requiring no response; to the extent any response is required, admit the cited authorities contain the cited language or provisions, which speak for themselves and are the best evidence of their contents; deny any legal conclusions, advanced or implied, and otherwise deny.

58. Deny.

### THIRD CLAIM FOR RELIEF

59. Incorporate the allegations of the applicable preceding paragraphs.

60. Presents legal conclusions requiring no response and deny to the extent a response is required.

61-67. Deny.

### FOURTH CLAIM FOR RELIEF

68. Incorporate the allegations of the applicable preceding paragraphs.

69. Presents legal conclusions requiring no response and deny to the extent a response is required.

70-75. Deny.

### FIFTH CLAIM FOR RELIEF

76. Incorporate the allegations of the applicable preceding paragraphs.

77. Presents legal conclusions requiring no response and deny to the extent a response is required.

78-79. Deny.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing.

3. Plaintiffs fail to validly invoke the Court's subject matter jurisdiction.

4. The matters addressed in Plaintiffs' Complaint are not ripe for judicial review.

### REQUEST FOR RELIEF

Wherefore, having fully answered the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief , the Recreational Groups pray for judgment and ask the Court to rule, adjudge and grant relief as follows:

1. Dismiss the Plaintiffs' Complaint with prejudice and deny each and all claims for relief;

2. Deny any and all claims for injunctive relief presented by Plaintiffs;

3. Award the Recreation Groups their reasonable fees, costs, and expenses of litigation as allowed by any applicable law or rule of court; and

4. Grant such further and additional relief as the Court deems just and proper.

Respectfully submitted this 15th day of May, 2008.

DENNIS L. PORTER, ATTORNEY AT LAW

_/s/  Dennis L. Porter_
Dennis L. Porter
Of Attorneys for Defendant-Intervenor Applicants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.

_/s/  Dennis L. Porter_
Dennis L. Porter