PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHTD.
Attorneys at Law
950 West Bannock Street, Suite 520
Boise, Idaho  83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS L. PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenor-Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN,JR.,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service,<br><br>            Defendants,<br><br>and<br><br>CALIFORNIA ASSOCIATION OF FOUR WHEEL DRIVE CLUBS, AMERICAN MOTORCYCLIST ASSOCIATION, District 36, CALIFORNIA ENDURO RIDERS ASSOCIATION, and BLUERIBBON COALITION,<br><br>            Defendant-Intervenor-Applicants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil No. 08-1185-MHP<br><br><br>MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE<br><br><br>Date:   June 30, 2008<br>Time:  2:00 o'clock p.m.<br>Courtroom:  15, 18th Floor<br>Judge:  Honorable Marilyn H. Patel |

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 1

# I. **INTRODUCTION**

This case marks a new chapter in the ongoing saga concerning roadless areas in national forests.  In this case, plaintiff California Resources Agency, California Department of Forestry and Fire Protection, the People of the State of California *ex rel.* California attorney general Edmund G. Brown, Jr. (collectively California), challenge the U.S. Forest Service's forest management plans on the four national forests in southern California (the Angeles, Cleveland, Los Padres, and San Bernardino).  Specifically at issue is the Forest Service's decision regarding inventoried roadless areas (IRAs) within these forests.  California claims that the Forest Service unlawfully declined to include IRAs within an area or zone that prohibits or otherwise restricts motorized vehicle use.  This position is contrary to applicable law.

The California Association of Four Wheel Drive Clubs (Cal4), the American Motorcyclist Association, District 36 (AMA D36), the California Enduro Riders Association (CERA), and the BlueRibbon Coalition (BlueRibbon) (collectively the Recreation Groups), seek here, as they have in prior suits regarding roadless areas, to intervene in this matter.  The Recreation Groups and their members have substantial interests in the subject matter of this suit.

California's position seeks to transform hundreds of thousands of acres of lawful and important recreation ground into de facto wilderness.  It could eliminate recreation opportunities for motorized recreationists who use and rely on the southern California national forests for recreational, aesthetic, and socioeconomic purposes consistent with federal law.  The Recreation Groups seek intervention to protect those interests.

Counsel for the Recreation Groups has contacted counsel for Plaintiffs and Federal Defendants regarding the Recreation Groups' request for intervention.  Federal Defendants' counsel was unavailable.  Based on experience in prior cases, undersigned counsel believes it

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 2

likely that Federal Defendants will take no position on the motion to intervene.  Counsel for

Plaintiffs, Mr. Hembacher, indicated that he would need time to consult with his clients before

taking a position on the motion to intervene.

## II. FACTUAL BACKGROUND

Among the millions of people who live within an hour's drive of the four forests in this

suit are many members of the Recreation Groups.  Others who live more than an hour's drive

regularly visit these forests to enjoy the myriad recreational, environmental, wildlife, and

aesthetic opportunities these forests provide.  They have definite, concrete plans to do so in the

future.

Management of Forest Service "roadless areas" has been a topic of frequent, long-

running and passionate debate.  In some iteration or another, at least some of the Recreation

Groups have long been involved in all administrative and judicial fora addressing Forest Service

roadless area issues.  Some participated as *amici curiae* in the proceedings before the Tenth

Circuit Court of Appeals in *Wyoming v. U.S. Dep't. Agric.*, 277 F.Supp.2d (D. Wyo. 2003),

*vacated and dismissed as moot*, 414 F.3d 1207, 1214 (10th Cir. 2005), are participating as *amici*

*curiae* in the continuation of that action, Case No. 07-17-CAB (D. Wyo.), and as Defendant-

Intervenor-Appellants in the 2005 Roadless Rule litigation in the Northern District of California

and Ninth Circuit Court of Appeals.  *California ex rel Lockyer v. U.S. Dep't.  Agric.*, 459

F.Supp.2d 874 (N.D. Cal. 2006), *appeals docketed and consolidated*, 9th Cir. Appeal Nos. 07-

15613, 07-15614 and 07-15695.  Some of the Recreation Groups additionally participated as

Plaintiffs in litigation challenging the 2001 Roadless Rule in the District of Idaho and Ninth

Circuit Court of Appeals.  *Kootenai Tribe of Idaho v. Veneman*, 142 F.Supp.2d 1231 (D. Idaho

2001), *rev'd*, 313 F.3d 1094 (9th Cir. 2002).  Thus, it is only logical that these groups seek to intervene in this matter to continue protecting their interests in recreation within IRAs.

### III. ARGUMENT

The Federal Rules of Civil Procedure provide for intervention "as of right" under Rule 24(a), or through "permissive intervention" under Rule 24(b).  The Circuit Court's decision in *Kootenai Tribe v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) clarifies interpretation of these rules. The Court has ample discretion to grant the Recreation Groups "permissive intervention" with full rights as a party in this case.

#### A.    Intervention As Of Right Under Rule 24(a).

The first avenue for prospective intervenors exists under the Federal Rules of Civil Procedure provisions addressing intervention "as of right."  This option is addressed by Rule 24(a), whose requirements:

> may be broken down into four elements, each of which must be demonstrated in order to provide a non-party with a right to intervene:  (1) the application must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court.

*League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  Since a request for intervention as of right or for permissive intervention must be timely, the Recreational Groups will specifically address timeliness here.  The Recreation Groups will only briefly address the other three elements in the Rule 24(a) analysis to avoid belaboring issues before this Court presently governed by the Circuit's "none but a federal defendant" rule.

1.    The Application for Intervention is Timely.

Factors to be considered when determining whether a motion to intervene is timely include: (1) the stage of the proceedings; (2) prejudice to other parties; and (3) the reason for and length of delay in filing the motion to intervene.  *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999).  The Federal Defendants have not yet answered the Complaint in this case.  The Recreational Groups satisfy any formulation of the timeliness requirement.

2.    Remaining Rule 24(a) Factors Under the Circuit's "None but a Federal Defendant" Rule.

The Ninth Circuit has adopted a "none but a federal defendant" rule which precludes private parties from gaining intervention as of right in a National Environmental Policy Act ("NEPA") action.  *Kootenai Tribe*, 313 F.3d at 1108.  Under this rule, a private party cannot assert any interest meeting Rule 24(a)'s "interest prong" because "the federal government is the only proper defendant in an action to compel compliance with NEPA."  *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2000).  Thus lacking the requisite interest, private intervenors similarly cannot meet Rule 24(a)'s "impairment" prong.  Decisions in this Circuit regularly extend this logic to cases arising under statutes other than NEPA which impose federal land management duties upon the federal government.  See *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 (9th Cir. 1995) (analyzing intervention in suit raising NEPA and National Forest Management Act claims); *Southwest Center for Biological Diversity v. U.S. Forest Service*, 82 F.Supp.2d 1070, 1073-1074 (D.Ariz. 2000) (involving Endangered Species Act claims).

Under these decisions private parties are still allowed to fully intervene in the "remedy phase" of public lands and environmental litigation.  *Forest Conservation Council*, 66 F.3d at

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 5

1494.  The Recreation Groups demonstrate sufficient interests in this case to achieve this status. They previously participated in the litigation leading to the Forest Service planning processes and biological opinions at issue here.  See, e.g., Declaration of John Stewart at ¶¶ 3-4.  The Recreation Groups' members have recreational and aesthetic interests in some of the areas at issue here.  *Id.*; Declarations of Rick Guidice at ¶ 2 and Don Amador at ¶ 4-5.  Plaintiffs' requested injunctive relief would directly and adversely affect the Recreation Groups' interests in the subject matter of this action.  Declarations of Stewart and Guidice at ¶¶ 4-5.

Counsel for the Recreation Groups does not believe that the Ninth Circuit decisions limiting intervention are correctly decided.  Several circuits have refused to follow, if not flatly rejected, the Ninth Circuit's reasoning.  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253-54 (10th Cir. 2001); *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 971-972 (3rd Cir. 1998); *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996);  *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).  However, counsel recognizes this is not the place to argue for a change in the law and that decisions like *Kootenai Tribe* are presently binding upon this Court.  The Recreation Groups will not belabor these issues, but reserves the right to appeal from a decision applying the existing Ninth Circuit decisions, such as *Kootenai Tribe* and *Wetlands Action Network*, to limit intervention, and to also request full intervention should the law change while this case is pending before this Court.  Assuming these decisions govern this motion and "limited" intervention is the most available to any private party under Rule 24(a), the Recreation Groups should be granted intervention and full party status in any remedial phase of this case, and be provided an opportunity to file an *amicus* brief and participate in oral argument during the liability phase as is often allowed in similar cases.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 6

1

2

## B.    Permissive Intervention Is Appropriate.

3

4    Regardless of the outcome of the Rule 24(a) analysis, the Recreation Groups can properly

5    attain full party status in all aspects of this case through permissive intervention under Rule

6    24(b).  That rule states:

7        Upon timely application anyone may be permitted to intervene in an action; ...(2)
        when an applicant's claim or defense in the main action have a question of law or
8        fact in common... .   In exercising its discretion the Court shall consider whether
        the intervention will unduly delay or prejudice the adjudication of the rights of the
9        original parties.

10   Fed.R.Civ.P 24(b).  The *Kootenai Tribe* court analyzed the Rule 24(b) analysis at some length,

11   noting that permissive intervention presents a lesser "interest" requirement than intervention as

12   of right.  *Kootenai Tribe*, 313 F.3d at 1110.  The "none but a federal defendant" rule does not

13   preclude permissive intervention under Rule 24(b).

14       This case parallels the permissive intervention analysis in *Kootenai Tribe*.   The

15   Recreation Groups possess recreational and aesthetic and socioeconomic interests "related to"

16   the management schemes at issue, and hope to assert defenses "directly responsive" to Plaintiffs'

17   claims.  *Kootenai Tribe*, 313 F.3d at 1110.  Intervenor-applicants here should fare no worse than

18   intervenor-appellants in *Kootenai Tribe*, where the Circuit concluded "it was within the district

19   court's discretion to decide whether to permit them to participate."  *Id.*  In this case involving

20   important public land management issues, "the presence of intervenors [might] assist the court in

21   its orderly procedure leading to the resolution of this case, which impact[s] large and varied

22   interests."  *Id.* at 1111.  The Court can properly exercise discretion under Rule 24(b) to allow

23   permissive intervention and afford the Recreation Groups full party status in all aspects of this

24   case.

25

26

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 7

# IV.  CONCLUSION

The Recreation Groups should be allowed some level of participation in this case.  Under *Kootenai Tribe*, the Court can appropriately exercise discretion to allow full intervention in all aspects of the case.  Should the Court determine full intervention is not warranted, the Recreational Groups satisfy the requirements for limited intervention and should be provided party status in the remedy phase, and *amicus* status and the opportunity to participate in argument in the liability phase of this action.

Respectfully submitted this 15th day of May, 2008.

DENNIS L. PORTER, ATTORNEY AT LAW

      /s/  Dennis L. Porter
Dennis L. Porter
Of Attorneys for Defendant-Intervenor Applicants

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.

      /s/  Dennis L. Porter
Dennis L. Porter

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - Page 8

PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHTD.
Attorneys at Law
950 West Bannock Street, Suite 520
Boise, Idaho  83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS L. PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenor-Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN,JR., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service, <br><br> Defendants, <br><br> and <br><br> CALIFORNIA ASSOCIATION OF FOUR WHEEL DRIVE CLUBS, AMERICAN MOTORCYCLIST ASSOCIATION, District 36, CALIFORNIA ENDURO RIDERS ASSOCIATION, and BLUERIBBON COALITION, <br><br> Defendant-Intervenor-Applicants. | Civil No. 08-1185-MHP <br><br> DECLARATION OF DON AMADOR IN SUPPORT OF MOTION TO INTERVENE <br><br><br> Date:  June 30, 2008 <br> Time:  2:00 o'clock p.m. <br> Courtroom:  15, 18th Floor <br> Judge:  Honorable Marilyn H. Patel |

1. My name is Don Amador, and I reside in Oakley, California. I am a member of the BlueRibbon Coalition ("BlueRibbon") and presently serve as BlueRibbon's Western Representative. I have reviewed the complaint and intervention pleadings on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

2. BlueRibbon is an Idaho nonprofit corporation with over 10,000 individual, business and organizational members representing approximately 600,000 individuals nationwide. BlueRibbon members use motorized and nonmotorized means, including off-highway vehicles, horses, mountain bikes, and hiking, to access Forest Service lands throughout the United States. BlueRibbon has a long-standing interest in the protection of the values and natural resources found on these lands, and regularly works with land managers to provide recreation opportunities, preserve resources, and promote cooperation between public land visitors. BlueRibbon is also prioritizes educating its members and the general public about responsible motorized and nonmotorized off-highway recreation.

3. I am also a member of the American Motorcyclist Association ("AMA") and of AMA District 36, which is located in Northern California. The AMA is an Ohio non-profit organization with more than 223,000 members nationwide. The AMA is dedicated to providing information, advocacy, and event organization regarding motorcycling and motorized use. AMA members regularly utilize National Forest lands for recreational, aesthetic, and commercial purposes.

4. BlueRibbon and AMA D36 members use motorized and non-motorized means, including off-highway vehicles, snowmobiles, horses, mountain bikes, and hiking, to access state and federally-managed lands throughout the United States. This includes access to and dedication to the protection of the values and natural resources in the Southern California "Four

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - 2

Forests"-the Angeles, San Bernardino, Cleveland, and Los Padres National Forests. Blue Ribbon regularly works with land managers to provide recreation opportunities, preserve natural resources, and promote cooperation between public land visitors. BlueRibbon and AMA D36 members, including myself, have visited the Four Forests and have definite plans to do so in the future.

5.      BlueRibbon and AMA D36 have participated in various administrative, public relations and litigation activities involving public lands access in California and beyond. In particular, BlueRibbon Coalition, sought and obtained intervention in other Forest Service "Roadless Rule" litigation, including *Lockyer v. U.S. Dep't. Agric., 459 F.Supp. 2d 874 (N.D. Cal. 2006),* appeals docketed and consolidated, *9th Cir. Appeal Nos. 27-15612, 07-15614, and 07-15695* and is participating as an amicus in *State of Wyoming v. U.S. Dept. of Agric.*, Case No. CV-07-17-CAB (D.Wyo.).

6.      I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on BlueRibbon and AMA D36 members' recreational, socioeconomic, and aesthetic interest, including my own. For instance, the prayer for relief asks this Court to "issue a mandatory injunction" setting aside the Record of Decision and Final Environmental Impact Statement and providing "that any reapproval of the Plans or their environmental analysis comply with the NFMA and NEPA" presumably in accordance with Plaintiffs' view of what those statutes require.

7.      Aside from the impacts, if any, on our specific activities within the "Four Forests" at issue here, we are particularly concerned with the broader impacts of Plaintiffs' arguments and requested remedy on Forest planning in other Forests in California and beyond. At least as their position can be discerned from the Complaint, we disagree with Plaintiffs' interpretation of the

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - 3

legal and practical effect of the "action" represented by the Forest Plan. If Plaintiffs' view is correct it could alter underlying assumptions about forest planning, ongoing planning processes in other Forests, and our strategy and specific input during such planning processes.

8.     BlueRibbon and AMA D36 attempt to maintain a cooperative relationships with all land management agencies, including the Forest Service. At the same time, we understand that the Forest Service must balance issues and land uses beyond those stressed by our members. To put it diplomatically, there have been occasions when Forest Service decisions have not reflected our goals or input. Even when we have been generally aligned with managing agencies in defending the agencies' decisions, we typically present different issues, arguments, and evidence than that presented by federal agency's legal counsel. Thus, BlueRibbon and AMA D36's legal interests in this action are not identical with, and are at least partially contrary to, the Forest Service's interests and we anticipate a need to present different information and legal arguments than might be presented by the Forest Service. For all of these reasons, BlueRibbon and AMA D36 have determined it is essential to intervene and obtain party status in order to defend their legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15th day of May, 2008 at Oakley, California.



_____/s/ Don Amador_____

Don Amador

I, Dennis L. Porter, in accordance with section X of General Order 45, Electronic Case Filing, hereby attest that the declarant, Don Amador, has reviewed the testimony presented above, has concurred in the same, has authorized the filing of this declaration bearing his signature with the Court, and that I retain a copy of a document with his holographic signature to the same.

  /s/  Dennis L. Porter
Dennis L. Porter
Attorney for Defendant-Intervenor Applicants

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - 4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.


       <u>   /s/  Dennis L. Porter           </u>
       Dennis L. Porter

PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHTD.
Attorneys at Law
950 West Bannock Street, Suite 520
Boise, Idaho  83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS L. PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenor-Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA RESOURCES AGENCY,
CALIFORNIA DEPARTMENT OF FORESTRY
AND FIRE PROTECTION, PEOPLE OF THE
STATE OF CALIFORNIA, *ex rel.* CALIFORNIA
ATTORNEY GENERAL EDMUND G.
BROWN,JR.,

               Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; ED SCHAFER, Secretary of
Agriculture; UNITED STATES FOREST SERVICE;
and GAIL KIMBALL, Chief of the United States
Forest Service, and RANDY MOORE, Regional
Forester, Pacific Southwest Region, United States
Forest Service,

               Defendants,

and

CALIFORNIA ASSOCIATION OF FOUR WHEEL
DRIVE CLUBS, AMERICAN MOTORCYCLIST
ASSOCIATION, District 36, CALIFORNIA
ENDURO RIDERS ASSOCIATION, and
BLUERIBBON COALITION,

               Defendant-Intervenor-Applicants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 08-1185-MHP

DECLARATION OF RICK GUIDICE
IN SUPPORT OF MOTION TO
INTERVENE

Date:  June 30, 2008
Time:  2:00 o'clock p.m.
Courtroom:  15, 18th Floor
Judge:  Honorable Marilyn H. Patel

1.    My name is Rick Guidice, and I reside in Los Gatos, California. I am over the age of majority, have personal knowledge of, and am otherwise competent to testify to, the information contained in this declaration. I have reviewed a copy of the complaint filed in this action.

2.    I am a member of the California Enduro Riders Association ("CERA") and and have been an CERA member since 1971. CERA is a California mutual benefit membership corporation which was incorporated under California law in 1971. CERA is made up of approximately 50 active members. CERA is dedicated to providing information, advocacy, and event organization regarding motorcycling and motorized use. CERA members and their families and friends regularly utilize National Forest lands for recreational, aesthetic, and commercial purposes. Such use specifically includes areas throughout the National Forest System in California. I have previously ridden, both recreationally and in specially-permitted events, in the Southern California "Four Forests" (the Angeles, San Bernardino, Cleveland, and Los Padres National Forests) at issue in this action, and have concrete plans to do so again in the future to the extent authorized by the Forest Service.

3.    CERA is also an organizational member of the BlueRibbon Coalition, and I am personally a member of the BlueRibbon Coalition. CERA has participated alongside BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and beyond.

4.    I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on CERA members' recreational, socioeconomic, and aesthetic interest, including my own. For instance, the prayer for relief asks this Court to "issue a mandatory injunction" setting aside the Record of Decision and Final

Environmental Impact Statement and providing "that any reapproval of the Plans or their environmental analysis comply with the NFMA and NEPA" presumably in accordance with Plaintiffs' view of what those statutes require.

5.    Aside from the impacts, if any, on our specific activities within the "Four Forests" at issue here, CERA is particularly concerned with the broader impacts of Plaintiffs' arguments and requested remedy on Forest planning in other Forests in California and beyond.  At least as their position can be discerned from the Complaint, CERA disagrees with Plaintiffs' interpretation of the legal and practical effect of the "action" represented by the Forest Plan.  If Plaintiffs' view is correct it could alter underlying assumptions about forest planning, ongoing planning processes in other Forests, and CERA's strategy and specific input during such planning processes.

6.    CERA attempts to maintain a cooperative relationship with all land management agencies, including the Forest Service.  At the same time, we understand that the Forest Service must balance issues and land uses beyond those stressed by our members.  To put it as diplomatically as I can, there have been occasions when Forest Service decisions have not reflected CERA's goals or input.  Even when we have been generally aligned with managing agencies in defending the agencies' decisions, CERA typically presents different issues, arguments, and evidence than that presented by federal agency's legal counsel.  Thus, CERA's legal interests in this action are not identical with, and are at least partially contrary to, the Forest Service's interests and we anticipate a need to present different information and legal arguments than might be presented by the Forest Service.  For all of these reasons, CERA has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

DECLARATION OF RICK GUIDICE
IN SUPPORT OF MOTION TO INTERVENE - 3

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of April, at Los Gatos, California.

_____/s/ Rick Guidice_____
Rick Guidice

I, Dennis L. Porter, in accordance with section X of General Order 45, Electronic Case Filing, hereby attest that the declarant, Rick Guidice, has reviewed the testimony presented above, has concurred in the same, and has authorized the filing of this declaration bearing his signature with the Court.

_/s/  Dennis L. Porter_

Dennis L. Porter

Attorney for Defendant-Intervenor Applicants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.

_/s/  Dennis L. Porter_____
Dennis L. Porter

DECLARATION OF RICK GUIDICE
IN SUPPORT OF MOTION TO INTERVENE - 4

PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHTD.
Attorneys at Law
950 West Bannock Street, Suite 520
Boise, Idaho  83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS L. PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenor-Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN,JR., )))))))) | Civil No. 08-1185-MHP |
| Plaintiffs, )))) | DECLARATION OF JOHN STEWART IN SUPPORT OF MOTION TO INTERVENE |
| v. ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service, )))))))))) | Date:   June 30, 2008 Time:   2:00 o'clock p.m. Courtroom: 15, 18th Floor Judge:  Honorable Marilyn H. Patel |
| Defendants, )) | |
| and ) | |
| CALIFORNIA ASSOCIATION OF FOUR WHEEL DRIVE CLUBS, AMERICAN MOTORCYCLIST ASSOCIATION, District 36, CALIFORNIA ENDURO RIDERS ASSOCIATION, and BLUERIBBON COALITION, )))))) | |
| Defendant-Intervenor-Applicants. )) | |

DECLARATION OF JOHN STEWART
IN SUPPORT OF MOTION TO INTERVENE - 1

1.      My name is John Stewart, and I reside in Lakeside, California.  I am over the age of majority, have personal knowledge of, and am otherwise competent to testify to, the information contained in this declaration.  I have reviewed a copy of the complaint filed in this action.

2.      I am a member of the California Association of Four Wheel Drive Clubs (Cal4), and I presently serve as a Natural Resources Consultant to Cal4.  Cal4 is a California mutual benefit corporation representing over 8,000 members and 160 clubs in the State of California. Cal4 members use motorized means to access and enjoy lands managed by the Forest Service throughout California.   In particular, Cal4 members share a common interest in owning, maintaining, and operating customized 4-wheel drive vehicles such as Jeeps and Broncos on dirt roads and trails.  Our interest in our vehicles has its own rewards as we meet mechanical and navigational challenges.  Our vehicular access also facilitates various outdoor activities, such as picnicking, camping, sightseeing, wildlife and nature study, hunting and fishing, and similar activities.  Many Cal4 members, due to age, physical condition, or other factors, would be unable to enjoy meaningful participation in their chosen activities without vehicular access to the desert lands managed by the Forest Service.  As an organization, Cal4 is dedicated to the protection of the values and natural resources in the Southern California "Four Forests" (the Angeles, San Bernardino, Cleveland, and Los Padres National Forests) and regularly works with land managers to provide recreation opportunities, preserve natural resources, and promote cooperation between public land visitors.  Cal4 members, including myself, have visited the Four Forests and have definite plans to do so in the future.

3.      Cal4 is also an organizational member of the BlueRibbon Coalition, and I am personally a  life member of the BlueRibbon Coalition.   Cal4 has participated alongside

DECLARATION OF JOHN STEWART
IN SUPPORT OF MOTION TO INTERVENE - 2

BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and beyond.  In particular, Cal4, along with co-applicant BlueRibbon Coalition, sought and obtained intervention in other Forest Service "Roadless Rule" litigation, including *Lockyer v. U.S. Dep't. Agric., 459 F.Supp. 2d 874 (N.D. Cal. 2006),* appeals docketed and consolidated, *9th Cir. Appeal Nos. 27-15612, 07-15614, and 07-15695* and is participating as an amicus in *State of Wyoming v. U.S. Dept. of Agric.*, Case No. CV-07-17-CAB (D.Wyo.).

4.    I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on Cal4 members' recreational, socioeconomic, and aesthetic interest, including my own.  For instance, the prayer for relief asks this Court to "issue a mandatory injunction" setting aside the Record of Decision and Final Environmental Impact Statement and providing "that any reapproval of the Plans or their environmental analysis comply with the NFMA and NEPA" presumably in accordance with Plaintiffs' view of what those statutes require.

5.    Aside from the impacts, if any, on our specific activities within the "Four Forests" at issue here, Cal4 is particularly concerned with the broader impacts of Plaintiffs' arguments and requested remedy on Forest planning in other Forests in California and beyond.  At least as their position can be discerned from the Complaint, Cal4 disagrees with Plaintiffs' interpretation of the legal and practical effect of the "action" represented by the Forest Plan.  If Plaintiffs' view is correct it could alter underlying assumptions about forest planning, ongoing planning processes in other Forests, and Cal4's strategy and specific input during such planning processes.

6.    Cal4 attempts to maintain a cooperative relationship with all land management agencies, including the Forest Service.  At the same time, we understand that the Forest Service must balance issues and land uses beyond those stressed by our members.  To put it as

DECLARATION OF JOHN STEWART
IN SUPPORT OF MOTION TO INTERVENE - 3

diplomatically as I can, there have been occasions when Forest Service decisions have not reflected Cal4's goals or input.  Even when we have been generally aligned with managing agencies in defending the agencies' decisions, Cal4 typically presents different issues, arguments, and evidence than that presented by federal agency's legal counsel.  Thus, Cal4's legal interests in this action are not identical with, and are at least partially contrary to, the Forest Service's interests and we anticipate a need to present different information and legal arguments than might be presented by the Forest Service.  For all of these reasons, Cal4 has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of May, at Lakeside, California.


_____/s/ John Stewart_____

John Stewart


I, Dennis L. Porter, in accordance with section X of General Order 45, Electronic Case Filing, hereby attest that the declarant, John Stewart, has reviewed the testimony presented above, has concurred in the same, has authorized the filing of this declaration bearing his signature with the Court, and that I retain a copy of a document with his holographic signature to the same.

__/s/  Dennis L. Porter__
Dennis L. Porter

Attorney for Defendant-Intervenor Applicants

DECLARATION OF JOHN STEWART
IN SUPPORT OF MOTION TO INTERVENE - 4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to counsel of record in this action.

<div align="center" style="float:right">

   /s/  Dennis L. Porter          

Dennis L. Porter

</div>

DECLARATION OF JOHN STEWART
IN SUPPORT OF MOTION TO INTERVENE - 5