RONALD J. TENPAS
Assistant Attorney General
BARCLAY T. SAMFORD (NMBN 12323)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Div.
1961 Stout St., 8th Floor
Denver, CO 80294
Telephone: (303) 844-1475
Facsimile: (303) 844-1350

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE SATE OF CALIFORNIA, ex rel. CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN JR., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service, <br><br> Defendants. | Case No. 08-cv-01185-MHP <br><br> **ANSWER** |

08-CV-1185 ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants United States Department of Agriculture, Ed Schafer, Secretary of Agriculture, the United States Forest Service, Gail Kimball in her official capacity as the Chief of the Forest Service, Randy Moore, in his official capacity as Regional Forester, Pacific Southwest Region, United States Forest Service, (collectively "Defendants"), by and through their undersigned counsel, answer the allegations contained in the Plaintiffs' Complaint as follows:

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiffs' Complaint.

1.     The allegations set forth in paragraph 1 constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 1.

2.     Defendants admit the allegations set forth in paragraph 2.

3.     In response to the allegations set forth in the first sentence of paragraph 3, Defendants admit that the four Southern California national forests receive pressure as a result of their proximity to large urban areas. Defendants admit the allegations set forth in the second sentence of paragraph 3. In response to the allegations set forth in the third sentence of paragraph 3, Defendants admit that one value of the forests is the visual contrast they provide to this rapidly urbanizing region. In response to the allegations set forth in the fourth through seventh sentences of paragraph 7, Defendants admit that acreages set forth in Plaintiffs' complaint are listed in the Environmental Impact Statement ("EIS") for the four Southern California National Forests. Defendants also aver that annual acreage updates are available in the Forest Service Land Area Report, http://www.fs.fed.us/land/staff/lar/2007/TABLE_3.htm . Defendants lack knowledge or information sufficient to confirm or deny the allegations set forth in the eighth sentence of paragraph 3, and on that basis deny. Defendants deny any allegations not explicitly admitted.

4.     Defendants admit the allegations set forth in the first through fourth and sixth sentences of paragraph 4. Defendants deny the allegations set forth in the fifth sentence of paragraph 4 and aver that the four forests provide habitat for 31 federally listed threatened and

1  endangered animals, 29 federally listed threatened and endangered plants, 34 Forest Service
2  Region 5 sensitive animal species and 134 Forest Service Region 5 sensitive plant species. The
3  allegations set forth in the seventh sentence of paragraph 4 constitute Plaintiffs' characterization
4  of their case to which no response is required. To the extent a response is required, Defendants
5  deny the allegations set forth in the seventh sentence.

6     5.   The allegations set forth in paragraph 5 constitute conclusions of law to which no
7  response is required.

8     6.   The allegations set forth in the first and second sentences of paragraph 6 purport
9  to characterize the National Forest Management Act ("NFMA") and the former planning
10 regulations at 36 C.F.R. § 219 (2000) which speak for themselves and are the best evidence of
11 their content. The allegations set forth in the third and fourth sentences of paragraph 6 constitute
12 Plaintiffs' characterization of their interests. Defendants lack knowledge or information
13 sufficient to confirm or deny those allegations, and on that basis deny the allegations. The
14 allegations set forth in the fifth sentence of paragraph 6 constitute conclusions of law to which
15 no response is required.

16    7.   The allegations set forth in the first and fourth sentences of paragraph 7 constitute
17 conclusions of law to which no response is required. To the extent a response is required, the
18 allegations forth in the first and fourth sentences of paragraph 7 are denied. Defendants deny the
19 allegations set forth in the second and third sentences of paragraph 7.

20    8.   The allegations set forth in the first sentence of paragraph 8 constitute conclusions
21 of law to which no response is required, and purport to characterize and quote regulations at 36
22 C.F.R. § 219.7(c)(1)(2) (2000) which speak for themselves and are the best evidence of their
23 content. The allegations set forth in the second sentence of paragraph 8 purport to characterize
24 and quote regulations at 36 C.F.R. § 219.7(c)(4) (2000) which speak for themselves and are the
25 best evidence of their content. The allegations set forth in the third sentence of paragraph 8
26 purport to characterize the Forest Plans and EIS for the four National Forests which speak for
27 themselves and are the best evidence of their content. The allegations set forth in the fourth
28 sentence of paragraph 8 constitute conclusions of law to which no response is required.

9. The allegations set forth in the first sentence of paragraph 9 constitute conclusions of law to which no response is required. The allegations set forth in the second, third and forth sentences of paragraph 9 purport to characterize the holding in California v. Block, 690 F.2d 753 (9th Cir. 1982), which speaks for itself and is the best evidence of its contents.

10. The allegations set forth in the first and second sentences of paragraph 10 purport to characterize the Environmental Impact Statement ("EIS") for the four southern California national forests, which speaks for itself and is the best evidence of its contents. The allegations set forth in the third sentence of paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations set forth in the first sentence of paragraph 11 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its content. The allegations set forth in the second, third and fourth sentences of paragraph 11 constitute characterizations of the EIS for the four southern California national forests which speaks for itself and is the best evidence of its contents, and contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. The allegations set forth in the first, second, fourth and sixth sentences of paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny the allegations set forth in the third sentence of paragraph 12, and aver that the Forest Service, through consultation with the Fish and Wildlife Service, identified mitigation measures and stipulations to protect the California condor. Defendants further aver that additional mitigation measures may be developed at the time the Forest Service conducts NEPA analysis and consultation with the Fish and Wildlife Service, prior to approving any proposal for lease development. Defendants deny the allegations set forth in the fifth sentence of paragraph 12, and aver that at the Forest Plan level the Forest Service made an appropriate decision on suitable uses through identification of land use zones and considered the impacts of that decision. Defendants further aver that the impacts of specific projects, such as improving existing trials or future specific routes, will be

...

1  made at the time any such projects are proposed.

2      13.    The allegations set forth in the first and second sentences of paragraph 13 purport
3  to characterize NEPA and its implementing regulations, which speak for themselves and are the
4  best evidence of their contents. The allegations set forth in the third and fifth sentences of
5  paragraph 13 constitute conclusions of law to which no response is required. To the extent a
6  response is required, the allegations are denied. The allegations set forth in the fourth sentence
7  of paragraph13 purport to characterize the draft EIS, which speaks for itself and is the best
8  evidence of its contents.

9      14.    The allegations set forth in paragraph 14 constitute conclusions of law to which
10 no response is required.

11     15.    The allegations set forth in paragraph 15 constitute conclusions of law to which
12 no response is required.

13     16.    Defendants admit the allegations set forth in paragraph 16.

14     17.    Defendants admit the allegations set forth in the first sentence of paragraph 17.
15 The allegations set forth in the second sentence of paragraph 17 constitute conclusions of law to
16 which no response is required.

17     18.    The allegations set forth in paragraph 18 constitute conclusions of law to which
18 no response is required.

19     19.    Defendants admit the allegations set forth in paragraph 19.

20     20.    The allegations set forth in the first sentence of paragraph 20 contain Plaintiffs'
21 characterization of their case, to which no response is required. The allegations set forth in the
22 second, third and fifth sentences of paragraph 20 constitute conclusions of law to which no
23 response is required. The allegations set forth in the fourth sentence of paragraph 20 constitute
24 Plaintiffs' characterization of their interests. Defendants lack knowledge or information
25 sufficient to conform or deny those allegations, and on that basis deny.

26     21.    Defendants admit the allegations set forth in paragraph 21.
27     22.    Defendants admit the allegations set forth in paragraph 22.
28     23.    Defendants admit the allegations set forth in paragraph 23.

1   24. Defendants admit the allegations set forth in paragraph 24.
2   25. Defendants admit the allegations set forth in paragraph 25.
3   26. Defendants admit the allegations set forth in paragraph 26.
4   27. Defendants admit the allegations set forth in paragraph 27.
5   28. Defendants admit the allegations set forth in paragraph 28.
6   29. Defendants admit the allegations set forth in the first and third sentences of paragraph 29.  Defendants admit the allegations set forth in the second sentence, except to clarify that the comment period on the draft EIS ended on August 11, 2004.  The allegations set forth in the fourth and fifth sentences of paragraph 29 purport to characterize written comments on the draft EIS made by the California State Attorney General's office, which speak for themselves and are the best evidence of their contents.

30. Defendants admit the allegations set forth in the first sentence of paragraph 30.  The allegations set forth in the second sentence of paragraph 30 purport to characterize written comments by the California Resources Agency, which speak for themselves and are the best evidence of their contents.

31. Defendants admit the allegations set forth in paragraph 31.

32. Defendants admit the allegations set forth in paragraph 32.

33. The allegations set forth in the first sentence of paragraph 33 purport to characterize "written exchanges" between the California Resources Agency and the Forest Service which speak for themselves are the best evidence of their contents.  The allegations set forth in the second and third sentences of paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is required, they are denied.

34. The allegations set forth in paragraph 34 purport to characterize a November, 2004 letter from the California Resources Agency, which speaks for itself and is the best evidence of its contents.

35. Defendants admit the allegations set forth in the first sentence of paragraph 35.  The allegations set forth in the second and third sentences of paragraph 35 purport to characterize a January 4, 2005 letter from the California Resources Agency, which speaks for

itself and is the best evidence of its contents.

36.     The allegations set forth in the first and second sentences of paragraph 36 purport to characterize a January 27, 2005 letter from the Regional Forester, which speaks for itself and is the best evidence of its contents.  Defendants admit the allegations set forth in the third sentence of paragraph 36.

37.     In response to the allegations set forth in paragraph 37, Defendants admit that on May 13, 2005, the USDA promulgated the State Petitions for Inventoried Roadless Area Management Rule ("State Petitions Rule"), 70 Fed. Reg. 25,654 (May 13, 2005).  Defendants admit that in the promulgating the State Petitions Rule, the USDA noted that "[s]trong State and Federal cooperation regarding management of inventoried roadless areas can facilitate long-term, community-oriented solutions."  70 Fed. Reg. at 25,654.

38.     The allegations set forth in paragraph 38 purport to characterize a July 6, 2005 letter from the California Resources Agency, which speaks for itself and is the best evidence of its contents.

39.     The allegations set forth in paragraph 39 purport to characterize a July 6, 2005 letter from the California Resources Agency, which speaks for itself and is the best evidence of its contents.

40.     The allegations set forth in paragraph 40 purport to characterize a July 6, 2005 letter from the California Resources Agency, which speaks for itself and is the best evidence of its contents.

41.     The allegations set forth in paragraph 41 purport to characterize a July 6, 2005 letter from the California Resources Agency to the Forest Supervisors for the Los Padres, Angeles, Cleveland and San Bernardino National Forests, which speaks for itself and is the best evidence of its contents.

42.     Defendants deny the allegations set forth in paragraph 42.

43.     The allegations set forth in paragraph 43 purport to characterize a March 15, 2006 letter from the Secretary Chrisman to the Regional Forester, which speaks for itself and is the best evidence of its contents.

44. Defendants deny the allegations set forth in paragraph 44.

45. The allegations set forth in paragraph 45 purport to characterize the Forest Plans for the four Southern California National Forests and the final EIS, which speak for themselves and are the best evidence of their contents.

46. The allegations set forth in the first and second sentences of paragraph 46 purport to characterize the Final EIS for the Forest Plans for the four Southern California National Forests and communications between the Regional Forester and the California Resources Agency which speak for themselves and are the best evidence of their contents. The allegations set forth in the third sentence of paragraph 46 purport to characterize a letter from the Regional Forester to Secretary Chrisman, which speaks for itself and is the best evidence of its contents. The allegations set forth in the fourth sentence of paragraph 46 constitute Plaintiffs' characterization of their "concerns." Defendants lack knowledge or information sufficient to confirm or deny those allegations, and on that basis deny.

47. Defendants reassert their responses to all proceeding paragraphs.

48. The allegations set forth in the first and second sentences of paragraph 48 purport to characterize the NFMA which speaks for itself and is the best evidence of its content. Defendants admit the allegations set forth in the third and fourth sentences of paragraph 48 with the clarification that the transition provisions of the 2005 Planning Regulations at 36 C.F.R. § 219.14(e) (2006) authorized the Forest Service to follow the 1982 Planning Regulations, 36 C.F.R. § 219 (2000) where, as here, the Forest Plan revisions were initiated prior to January 5, 2005.

49. The allegations set forth in the first sentence of paragraph 49 purport to characterize regulations at 36 C.F.R. § 219.7(b) (2000), which speak for themselves and are the best evidence of their content. The allegations set forth in the second sentence of paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations set forth in the first and third sentences of paragraph 50 purport to characterize regulations at 36 C.F.R. § 219.7(c) (2000), which speak for themselves and are the

1 best evidence of their content.  Defendants deny the allegations set forth in the second and fourth
2 sentences of paragraph 50.

3      51.     The allegations set forth in the first sentence of paragraph 51 purport to
4 characterize regulations at 36 C.F.R. § 219.7(c)(2) (2000), which speak for themselves and are
5 the best evidence of their content.  The allegations set forth in the second sentence of paragraph
6 51 purport to characterize the Forest Plans for the four Southern California National Forests and
7 the EIS which speak for themselves and are the best evidence of their contents.

8      52.     The allegations set forth in the first sentence of paragraph 52 purport to
9 characterize regulations at 36 C.F.R. § 219.7(c)(4) (2000), which speak for themselves and are
10 the best evidence of their content.   The allegations set forth in the second and third sentences of
11 paragraph 52 purport to characterize the Forest Plans for the four Southern California National
12 Forests and other written documents, which speak for themselves and are the best evidence of
13 their contents.

14      53.     Defendants deny the allegations set forth in paragraph 53.

15      54.     Defendants reassert their responses to all proceeding paragraphs.

16      55.     The allegations set forth in the first sentence of paragraph 55 constitute legal
17 conclusions to which no response is required.  To the extent a response is required, the
18 allegations are denied.  The allegations set forth in the second, third, fifth, sixth, seventh and
19 eighth sentences of paragraph 55 purport to characterize the NEPA and its implementing
20 regulations at 40 C.F.R. § 1500 *et seq.*, which speak for themselves  and are the best evidence of
21 their content.  In response to the allegations set forth in the fourth sentence of paragraph 55,
22 Defendants admit that it prepared an EIS to evaluate the impacts of the Forest Plan revisions
23 challenged in this litigation, and deny the remainder of the allegations set forth in paragraph 55.

24      56.     The allegations set forth in the first and second  sentences of paragraph 56 purport
25 to characterize the holding in Kern v. BLM, 284 F.3d 1062, 1072 (9th Cir. 2002), which speaks
26 for itself and is the best evidence of its contents.  The allegations set forth in the third sentence of
27 paragraph 56 constitute conclusions of law to which no response is required.

28      57.     The allegations set forth in paragraph 57 purport to characterize the holding in

08-CV-1185 ANSWER                                                                                                                                          9

1  California v. Block, 690 F.2d  690 F.2d 753 (9th Cir. 1982), which speaks for itself and is the
2  best evidence of its contents.

3       58.    The allegations set forth in the first, third and fifth sentences of paragraph 58
4  constitute legal conclusions to which no response is required.  To the extent a response is
5  required, the allegations are denied.  Defendants deny the allegations set forth in the second and
6  fourth sentences of paragraph 58.

7       59.    Defendants reassert their responses to all proceeding paragraphs.

8       60.    The allegations set forth in paragraph 60 purport to characterize the NEPA and its
9  implementing regulations at 40 C.F.R. § 1500 *et seq.*, which speak for themselves  and are the
10 best evidence of their content.

11      61.    The allegations set forth in the first sentence of paragraph 61 constitute legal
12 conclusions to which no response is required.  To the extent a response is required the
13 allegations are denied.  Defendants admit the allegations set forth in the second sentence of
14 paragraph 61.   Defendants deny the allegations set forth in the third sentence of paragraph 61
15 and aver that public motorized use is permitted in two zones and may be permitted in three other
16 zones under certain circumstances identified in law, regulation and policy.

17      62.    Defendants deny the allegations set forth in the first sentence of paragraph 62.
18 Defendants deny the allegations set forth in the second sentence of paragraph 62 and aver that
19 pursuant to NFMA, Forest Plan management allocations are always subject to amendment
20 through future decisions.

21      63.    The allegations set forth in the first, second and fourth sentences of paragraph 63
22 purport to characterize the Final EIS which speaks for itself and is the best evidence of its
23 contents. Defendants deny the allegations set forth in the third sentence of paragraph 63.  The
24 allegations set forth in the fifth sentence of paragraph 63 purport to characterize the Final EIS
25 which speaks for itself and is the best evidence of its contents and contain legal conclusions to
26 which no response is required.  The allegations set forth in the sixth sentence of paragraph 63
27 constitute legal conclusions to which no response is required.  To the extent a response is
28 required, the allegations are denied.

64. The allegations set forth in the first, second, fourth, fifth and seventh sentences of paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations set forth in the third and sixth sentences of paragraph 64 purport to characterize the NEPA and its implementing regulations at 40 C.F.R. § 1500 *et seq.*, which speak for themselves and are the best evidence of their content.

65. The allegations set forth in the first and third sentences of paragraph 65 purport to characterize the Final EIS which speaks for itself and is the best evidence of its contents and contain legal conclusions to which no response is required. Defendants deny the allegations set forth in the second sentence of paragraph 65 and aver that recommendations for wilderness designation are made during the forest planning process. Defendants further aver that such administrative recommendations may receive further review and possible modification by the Chief of the Forest Service, the Secretary of Agriculture, and the President of the United States. Authority to make final decisions regarding wilderness designation is reserved to Congress.

66. The allegations set forth in paragraph 66 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.

67. The allegations set forth in paragraph 67 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 67.

68. Defendants reassert their responses to all proceeding paragraphs.

69. The allegations set forth in paragraph 69 purport to characterize the NEPA and its implementing regulations at 40 C.F.R. § 1500 *et seq.*, which speak for themselves and are the best evidence of their content.

70. Defendants deny the allegations set forth in the first sentence of paragraph 70 and aver that the Record of Decision for Oil and Gas Leasing was incorporated by reference into the Forest Plan of April 3, 2006, and that the California State Attorney General administratively appealed the Record of Decision. The allegations set forth in the second sentence of paragraph 2 purport to characterize the Oil and Gas Leasing ROD, which speaks for itself and is the best

1 evidence of its content. Defendants deny the allegations set forth in the third sentence of
2 paragraph 70.

3     71.    Defendants admit the allegations set forth in the paragraph 71.

4     72.    The allegations set forth in the first sentence of paragraph 72 constitute legal
5 conclusions to which no response is required. To the extent a response is required, the
6 allegations are denied. The allegations set forth in the second sentence of paragraph 72 purport
7 to characterized the Forest Plans, which speak for themselves and are the best evidence of their
8 contents. Defendants admit the allegations set forth in the third sentence of paragraph 72.
9 Defendants deny the allegations set forth in the fourth sentence of paragraph 72.

10     73.    The allegations set forth in the first sentence of paragraph 73 purport to
11 characterize the Forest Plan for the Los Padres National Forest, which speaks for itself and is the
12 best evidence of its contents. The allegations set forth in the second sentence of paragraph 73
13 constitute legal conclusions to which no response is required. To the extent a response is
14 required, the allegations are denied.

15     74.    Defendants deny the allegations set forth in the first sentence of paragraph 74 and
16 aver that further site-specific evaluation and consultation with the U.S. Fish and Wildlife Service
17 will occur when the Forest Service receives any proposal to conduct ground disturbing activities.
18 The allegations set forth in the second and sixth sentences of paragraph 74 constitute legal
19 conclusions to which no response is required. To the extent a response is required, the
20 allegations are denied. The allegations set forth in the third and fifth sentences of paragraph 74
21 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.
22 Defendants deny the allegations set forth in the fourth sentence of paragraph 74.

23     75.    The allegations set forth in paragraph 75 constitute legal conclusions to which no
24 response is required. To the extent a response is required, the allegations are denied.

25     76.    Defendants reassert their responses to all proceeding paragraphs.

26     77.    The allegations set forth in paragraph 77 purport to characterize the NEPA and its
27 implementing regulations at 40 C.F.R. § 1500 *et seq.*, which speak for themselves and are the
28 best evidence of their content.

78. The allegations set forth in the first, eighth, ninth and tenth sentences of paragraph 78 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations set forth in the second through seventh sentences of paragraph 78 purport to characterize the draft EIS for the Forest Plans for the four Southern California National Forests, which speaks for itself and is the best evidence of its content.

79. The allegations set forth in paragraph 79 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

The remainder of Plaintiffs' complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to the relief requested or any relief whatever.

Unless specifically admitted herein, Defendants deny each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

In addition, Federal Defendants raise the following affirmative defenses:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. One or more of Plaintiffs' claims are not ripe.

3. Plaintiffs have failed to exhaust their administrative remedies with regard to one or more of their claims.

Respectfully Submitted this 19th day of May, 2008.

        Respectfully submitted,
        RONALD J. TENPAS
        Assistant Attorney General

        /s/ Barclay Samford
        BARCLAY SAMFORD
        Trial Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division
        1961 Stout Street, 8th Floor
        Denver, CO 80294