EDMUND G. BROWN JR., Attorney General
  of the State of California
KEN ALEX
J. MATTHEW RODRIGUEZ
  Senior Assistant Attorneys General
BRIAN HEMBACHER, State Bar No. 90428
PETER SOUTHWORTH, State Bar No. 160522
  Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Telephone: (213) 897-2638
Facsimile: (213) 897-2802

Attorneys for Plaintiffs California Resources Agency,
California Department of Forestry and Fire Protection,
and People of the State of California, *ex rel.*
California Attorney General Edmund G. Brown Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, ex rel. CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN JR.,**<br><br>                            Plaintiffs,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE; ED SCHAFER, Secretary of Agriculture; UNITED STATES FOREST SERVICE; and GAIL KIMBALL, Chief of the United States Forest Service, and RANDY MOORE, Regional Forester, Pacific Southwest Region, United States Forest Service,**<br><br>                            Defendants. | Nos. C08-01185 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br>**(Civil L.R. 16-9)**<br><br><br>Date: June 2, 2008<br>Time: 4:00 PM<br>Judge: Hon. Marilyn H. Patel |

The parties to the above-entitled action submit this Case Management Statement.

1. <u>Jurisdiction and Service:</u>

This court has jurisdiction pursuant to 28 U.S.C. §1331 (action arising under the laws of the United States) and 5 U.S.C. §§701-706 (Administrative Procedure Act or "APA"). There are no issues regarding personal jurisdiction and venue and all parties have been served.

2.  <u>Chronology of Facts and Principle Factual Issues Which the Parties Dispute:</u>

Plaintiffs in this action, California Resources Agency, California Department of Forestry and Fire Protection and the People of the State of California, ex rel. Edmund G. Brown Jr., Attorney General ("People") seek declaratory and injunction relief against the United States Forest Service ("Forest Service") regarding the forest management plans for the four national forests in Southern California (Los Padres, Angeles, San Bernardino, and Cleveland) and the Final Environmental Impact Statement (EIS) analyzing these plans. The Forest Service's decision became final on September 21, 2007 when the United States Department of Agriculture declined to exercise discretionary review. Plaintiffs bring their action pursuant to the National Forest Management Act (NFMA), 42 U.S.C. § 1601 *et seq.*, the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*  Plaintiffs filed the action on February 28, 2008 and the Defendants answered on May 19, 2008.

The Plaintiffs allege that the Forest Service did not coordinate its forest planning for the four Southern California forests with the State of California, as required by NFMA, and failed to document that coordination in the EIS, as required by NFMA regulations. Second, the Plaintiffs allege that the Forest Service failed to provide basic information in its EIS about the impacts to the forests of zoning in roadless areas in the forests to permit motorized access and approval of road construction projects. Plaintiff People of the State of California (People) allege that the Environmental Impact Statement for the forest managements plans did not adequately discuss the impacts that arise from allowing more off-highway vehicle access to the forests, nor does it discuss the mitigation that will be needed to offset these impacts. Similarly, the People allege that the EIS has not adequately discussed the rationale for choosing to recommend so little forest for wilderness designation, nor the impacts to the forests of recommending so little wilderness in the management plans. The People also allege that the EIS did not adequately analyze the impacts to the California Condor from oil and gas drilling authorized by the forest management plans that will allow slant drilling from adjacent private lands into Los Padres National Forest, and from new oil and gas leases within critical habitat areas for this endangered species. Further, the People allege, the Forest Service has deferred discussion of mitigation of the impacts to the California Condor to future planning

stages. Finally, the People allege that the Forest Service did not use a reasonable range of alternatives in the EIS and purposefully set up alternatives it could easily reject, and by doing so, predetermined the alternative it could select.

Defendants dispute each of Plaintiffs' factual claims. It is Defendants' position that the Forest Service fully compiled with NEPA, NFMA and all applicable regulations in developing the four forest plans.

3. <u>Legal Issues Which the Parties Dispute</u>:

Plaintiffs allege that the failure of the Forest Service to consult with the State of California violates NFMA and its implementing regulations. 16 U.S.C. § 1604(a); 36 C.F.R. § 219.7(b). Plaintiffs further allege that Defendants violated NEPA when the Forest Service failed to provide basic information in its EIS for the Forest Plans about the impacts to the forests of permitting road construction in various types of currently roadless areas in the forests. *California v. Block* (9th Cir. 1982) 690 F.2d 753, 757-58. Plaintiff People allege that the Environmental Impact Statement for the forest managements plans violates NEPA in that it did not adequately discuss the impacts that arise from allowing more off-highway vehicle access to the forests, nor does it discuss the mitigation that will be needed to offset these impacts. *Oregon Natural Resources Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997). The People also allege that the EIS violates NEPA in that it did not adequately analyze the impacts to the California Condor from oil and gas drilling authorized by the forest management plans that will allow slant drilling from adjacent private lands into Los Padres National Forest, and from new oil and gas leases within critical habitat areas for this endangered species. *Id.* Further, the People allege, the Forest Service has violated NEPA when it deferred discussion of mitigation of the impacts to the California Condor to future planning stages. *Neighbors of Cuddy Mountain v. U.S. Forest Service*, 137 F.3d. 1372, 1380 (9th Cir. 1998.) Finally, the People allege that the Forest Service violated NEPA by not using a reasonable range of alternatives in the EIS and by proposing "strawman" alternatives that it knew it could reject without serious consideration. *Idaho Conservation League v. Mumma*, 956 F.2d 1508, 1520 (9th Cir.); *Border Power Plant Working Group v. Department of Energy*, 260 F.Supp.2d 997, 1030 (S.D. Cal. 2003).

It is Defendants' position that the Forest Service fully compiled with NEPA, NFMA and all

1 applicable regulations in developing the four forest plans.

2 4. <u>Motions</u>:

3     Plaintiffs have advised Defendants that they may make a motion for a preliminary injunction, based on the failure of the Forest Service to document coordination with state agencies in the EIS, as required by NFMA regulations. Plaintiffs contend this issue can be decided without waiting for the administrative record. It is Defendants' position that such a motion is legally unwarranted as well as currently unnecessary. No on-the-ground activities are currently proposed in inventoried roadless areas which would harm Plaintiffs' asserted interest in such areas, and Defendants have committed to providing Plaintiffs with notice of any such proposals.

    Depending on the administrative record produced by Defendants, and any informal resolution between the parties regarding supplementing the administrative record, Plaintiffs may need to file a motion to supplement the administrative record

    Additionally, the parties have been served with a motion for intervention filed by various off highway vehicle and related organizations, which is set for hearing on June 30, 2008.

5. <u>Amendment of pleadings</u>:

    The parties do not anticipate amending the pleadings to add parties, claims or defenses.

6. <u>Evidence Preservation</u>:

    As the parties believe that this case will proceed as an administrative record review case, other than those documents that constitute the administrative record, no other evidence need be preserved.

7. <u>Disclosures</u>:

    Pursuant to Fed. R. Civ. P 26(a)(1)(B)(i), this case is exempt from the disclosure requirements of Fed. R. Civ. P 26(f). This case should be decided based on a review of agency administrative records, subject to possible supplementation of the record or to submission of evidence explaining or clarifying the record to the extent allowed under applicable precedent. No party waives the right to object to any attempt to supplement the record or to submit additional evidence.

    The Defendants anticipate that the administrative record will be prepared by July 15, 2008. Plaintiffs may need to seek to complete the record through motions to supplement the record. Defendants do not waive their right to object to any motion to supplement.

8. <u>Discovery</u>:

No discovery is anticipated, as this case should be decided based on a review of agency administrative records, subject to possible supplementation of the record or to submission of evidence explaining or clarifying the record to the extent allowed under applicable precedent. No party waives the right to object to any attempt to supplement the record or to submit additional evidence.

9. <u>Class Actions</u>:

This matter is not a class action.

10. <u>Related Cases</u>:

*Center for Biological Diversity, et al. v. Fish and Wildlife Service, et al.,* C-08-1278-MHP. This related action was filed at approximately the same time as this action and challenges the review of the same Forest Plans under the Endangered Species Act.

11. <u>Relief</u>:

The Plaintiffs seek declaratory judgment that Defendants arbitrarily and capriciously approved the Plans for the Angeles, Cleveland, San Bernardino, and Los Padres National Forests in violation of the NFMA and NEPA. The Plaintiffs also seek a declaratory judgment that defendants violated NFMA by: (a) failing to review state policy regarding management of roadless areas and document that review in the EIS, including the ultimate decision not to follow that state policy, and (b) that defendants violated NEPA by not adequately analyzing the impacts of assigning land use classifications to current roadless areas that permit approval of road construction, by failing to adequately assess the impacts of the Plans, failing to consider an adequate range of alternatives to the Plans, and failing to adequately consider measures mitigating the impacts of the revised Plans. The Plaintiffs further seek a mandatory injunction enjoining defendants to set aside the Records of Decision to implement the Plans and the supporting Final Environmental Impact Statement and that any reapproval of the Plans or their environmental analysis comply with the NFMA and NEPA. Finally, the Plaintiffs seek costs, expenses, and reasonable attorney fees in accordance with law. Plaintiffs are not seeking damages.

It is Defendants' position that the Forest Service fully complied with the applicable laws and regulations, and that Plaintiffs are not entitled to any of the claimed relief.


12. <u>Settlement and ADR</u>:

The Plaintiffs and Defendants have not reached agreement on an ADR process and have filed a Notice for Need for an ADR Phone Conference with the Court. The parties met on May 6, 2008 to discuss settlement and expect to continue settlement discussions.

13. <u>Consent to a Magistrate Judge for All Purposes</u>:

The Plaintiffs and Defendants do not consent to the assignment of a Magistrate Judge for all purposes.

14. <u>Other References</u>:

The Plaintiffs and Defendants agree that this matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

The Plaintiffs and Defendants believe that this matter will be resolved through cross motions for summary judgement and that trial will not be necessary.

16. <u>Expedited Schedule</u>:

The Plaintiffs and Defendants agree that this case will be resolved through dispositve cross motions for summary judgment, therefore expedited scheduling is not necessary.

17. <u>Scheduling</u>:

Because the decision in this matter will be based on review of agency administrative records, no proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial are necessary. The Plaintiffs and Defendants agree that within 20 days of the filing of the administrative record with the Court, the parties agree to meet in good faith and attempt to resolve all issues regarding the scope of the administrative record and to discuss a briefing schedule for motions for summary judgment

18. <u>Trial</u>:

The Plaintiffs and Defendants agree that this case will be resolved through dispositve cross motions for summary judgment, therefore trial should not be necessary.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

Plaintiffs and Defendants are government entities and agencies and exempt from the

1  requirements on Civil Local Rule 3-16.  Civil L.R. 3-16(a).

2  20.  <u>Other Matters</u>:

3  There are no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**SIGNATURE OF LEAD TRIAL COUNSEL**

Date:     May 27, 2008           EDMUND G. BROWN JR.,
                                   Attorney General
                                 THEODORA BERGER
                                 Senior Assistant Attorney General

                                  /s/ Brian Hembacher
                                 BRIAN HEMBACHER
                                 Deputy Attorney General
                                 Attorneys for PEOPLE OF THE STATE OF CALIFORNIA, ex rel. EDMUND G. BROWN JR., ATTORNEY GENERAL

                                 J. MATTHEW RODRIQUEZ
                                 Senior Assistant Attorney General

                                  /s/ Peter Southworth
                                 PETER SOUTHWORTH
                                 Attorneys for CALIFORNIA RESOURCES AGENCY and DEPARTMENT OF
                                 FORESTRY AND FIRE PROTECTION


                                 RONALD J. TENPAS
                                 Assistant Attorney General

                                   /s/ Barclay Samford
                                 BARCLAY SAMFORD
                                    Trial Attorney
                                 U.S. Department of Justice
                                 Environment & Natural Resources Division
                                 1961 Stout Street, 8th Floor
                                 Denver, CO 80294

                                 Attorneys for Defendants