IGNACIA S. MORENO
Assistant Attorney General
ALISON D. GARNER (DC Bar No. 983858)
KATHRYN M. LIBERATORE (NY Bar No. 4317780)
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, NW,
Washington, D.C., 20004
Telephone: (202) 514-2855
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
alison.garner@usdoj.gov
kathryn.liberatore@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>UNITED STATES DEPARTMENT OF AGRICULTURE*, et al.*, <br><br>　　　　Defendants. <br><br>CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, <br><br>　　　　Defendants. | Case Nos. 08-01185-MHP & 08-03884-MHP <br><br> **STIPULATION OF DISMISSAL AND [PROPOSED] ORDER** |

The Parties to these actions, Plaintiffs, California Natural Resources Agency, California

Department of Forestry and Fire Protection, the People of the State of California, ex rel. California

Attorney General Edmund G. Brown Jr. (collectively, the "State Plaintiffs"), the Center for Biological Diversity, Los Padres ForestWatch, California Native Plant Society, Defenders of Wildlife, California Wilderness Coalition, The Wilderness Society, and Sierra Club (collectively, the "Environmental Plaintiffs"); Defendants, the United States Department of Agriculture, Thomas J. Vilsack, acting in his official capacity as the Secretary of the Department of Agriculture, the United States Forest Service, Tom Tidwell, acting in his official capacity as Chief of the U.S. Forest Service, and Randy Moore, acting in his official capacity as Regional Forester for the Pacific Southwest Region of the U.S. Forest Service (collectively, the "Forest Service"); and Intervenor-Defendants, the Blue Ribbon Coalition, California Association of 4-Wheel Drive Clubs, California Enduro Riders Association, and American Motorcyclist Association D36, by and through their undersigned counsel of record, hereby aver as follows:

WHEREAS, On February 28, 2008, the State Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, challenging the Forest Service's decision to adopt revised forest plans for the San Bernardino, Los Padres, Cleveland, and Angeles National Forests ("four forests").

WHEREAS, On August 14, 2008, the Environmental Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the NFMA, NEPA, and the APA, challenging the same decision by the Forest Service to adopt revised forest plans for the four forests challenged by the State Plaintiffs, and also alleging a claim for attorneys' fees and costs.

WHEREAS, On September 29, 2009, the Court entered judgment, granting in part and denying in part the parties' motions for summary judgment.  Dkt. No. 60.  The Court held that the Forest Service's final Environmental Impact Statement ("EIS") for the revised forest plans violated NEPA and the NFMA.  The Court ordered the parties to submit, by November 3, 2009, simultaneous briefs proposing the appropriate forms of relief to remedy the violations of law found by the Court. The parties subsequently entered into settlement discussions to resolve remedy.  The parties requested, and the Court granted, eight stipulated requests to stay the schedule for briefing of the

relief issue. On December 15, 2010, the parties finalized a settlement agreement ("Agreement") determining the forms of relief and providing for payment of Environmental Plaintiffs' attorneys' fees and costs. The Agreement is attached hereto as Exhibit A.

Accordingly, the parties do hereby stipulate as follows:

    1.    The Agreement resolves all the State and Environmental Plaintiffs' claims against the Forest Service in these cases. The Agreement becomes effective upon an order of this Court dismissing the State and Environmental Plaintiffs' claims with prejudice.

    2.    The Court retains jurisdiction over this matter to oversee compliance with the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: December 15, 2010

IGNACIA S. MORENO  
Assistant Attorney General

*s/Alison D. Garner*  
ALISON D. GARNER  
KATHRYN M. LIBERATORE  
Trial Attorneys  
United States Department of Justice  
Environment and Natural Resources Division  
Natural Resources Section  
P.O. Box 663, Ben Franklin Station  
Washington, D.C. 20044-0663  
Telephone: (202) 514-2855  
Telephone: (202) 616-5082  
Facsimile: (202) 305-0506  
alison.garner@usdoj.gov  
kathryn.liberatore@usdoj.gov  
Attorneys for Defendants U.S. Department of Agriculture, U.S. Forest Service, Thomas J. Vilsack, acting in his official capacity as Secretary of the Department of Agriculture, Tom Tidwell, acting in his official capacity as Chief of the U.S. Forest Service, and Randy Moore, acting in his official capacity as Regional Forester for the Pacific Southwest Region of the U.S. Forest Service

*s/Erin M. Tobin (authorized)*  
Erin M. Tobin  
Trent W. Orr  
Earthjustice  
426 17th Street, 5th Floor

Oakland, CA 94612
Tel.: (510) 550-6725
Fax: (510) 550-6749
etobin@earthjustice.org
torr@earthjustice.org
Attorneys for Plaintiffs Center for Biological Diversity, Los Padres ForestWatch, California Native Plant Society, Defenders of Wildlife, California Wilderness Coalition, The Wilderness Society, and Sierra Club

*s/Brian Hembacher (authorized)*
Brian Hembacher
Deputy Attorney General
California Attorney General's Office
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel.: 213-897-2638
Fax: 213-897-2802
Brian.Hembacher@doj.ca.gov
Attorney for People of the State of California, *ex rel.* California Attorney General Edmund G. Brown Jr.

*s/Peter Southworth (authorized)*
Peter Southworth
Deputy Attorney General
California Attorney General's Office
Land Law Section
1300 I Street, 15th Floor
Sacramento, CA 95814
Tel.: (916) 445 1685
Fax: (916) 327 2319
Peter.Southworth@doj.ca.gov
Attorney for California Natural Resources Agency and California Department of Forestry and Fire Protection

*s/Paul A. Turcke (authorized)*
Paul A. Turcke
Moore Smith Buxton & Turcke, Chartered
950 West Bannock, Suite 520
Boise, Idaho 83702
Tel.: 208-331-1807
Fax: 208-331-1202
pat@msbtlaw.com
Attorney for Intervenors Blue Ribbon Coalition, California Association of 4-Wheel Drive Clubs, California Enduro Riders Association and American Motorcyclist Association D36

STIPULATION OF DISMISSAL AND [PROPOSED] ORDER
Case Nos. 08-01185-MHP & 08-03884-MHP

4

1 **[PROPOSED] ORDER**

2    The above-captioned cases are dismissed with prejudice, except that the Court retains
3 jurisdiction over these matters to oversee compliance with the Agreement.  *See Kokkonen v.*
4 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

6 IT IS SO ORDERED.

8 DATE:   1/3/2011



_____
MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO DIVISION | |
| CALIFORNIA RESOURCES AGENCY, *et al.*, ) | Case Nos. 08-01185-MHP and 08-03884-MHP |
| Plaintiffs, ) | |
| v. ) | **SETTLEMENT AGREEMENT** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, ) | Judge Marilyn H. Patel |
| Defendants. ) | |
| CENTER FOR BIOLOGICAL DIVERSITY*, et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, ) | |
| Defendants. | |

The Parties to these actions, Plaintiffs, the People of the State of California, ex rel. California Attorney General Edmund G. Brown Jr., California Natural Resources Agency, California Department of Forestry and Fire Protection, (collectively, the "State Plaintiffs"), the Center for Biological Diversity, Los Padres ForestWatch, California Native Plant Society, Defenders of Wildlife, California Wilderness Coalition, The Wilderness Society, and Sierra Club (collectively, the "Environmental Plaintiffs"); Defendants, the United States Department of Agriculture, Thomas J. Vilsack, acting in his official capacity as the Secretary of the Department of Agriculture, the United States Forest Service, Tom Tidwell, acting in his official capacity as

1

Chief of the U.S. Forest Service, and Randy Moore, acting in his official capacity as Regional Forester for the Pacific Southwest Region of the U.S. Forest Service (collectively the "Forest Service"); and Intervenor-Defendants, the Blue Ribbon Coalition, California Association of 4-Wheel Drive Clubs, California Enduro Riders Association, and American Motorcyclist Association D36, by and through their undersigned counsel of record, hereby agree to the following Settlement Agreement in order to resolve these actions informally, solely as a compromise, and to avoid the need for further litigation before the Court:

1. The Forest Service will prepare a Supplemental Environmental Impact Statement ("SEIS") that re-examines forest plan management direction with regard to Inventoried Roadless Areas ("IRAs")[1] within the Angeles, Cleveland, Los Padres and San Bernardino National Forests (collectively, "four forests") and analyzes alternative monitoring protocols. The SEIS will include a description of the Forest Service's efforts to coordinate with the State Plaintiffs regarding the State's policies for management of roadless areas. At the request of the Environmental Plaintiffs and the People of the State of California, the Forest Service will consider, at a minimum, the areas listed in Attachment A, or portions thereof, for potential re-zoning to the Recommended Wilderness ("RW") or Back Country Non-Motorized ("BCNM") land use zones and the SEIS will include as a component of the proposed action, a proposal to rezone these areas, or portions thereof, to the RW or BCNM land use zones. Additional alternatives will also be considered as part of the NEPA process. The Forest Service will use best

---

[1] For purposes of this Agreement, the term "inventoried roadless areas" means those areas identified in the set of inventoried roadless area maps contained in the Forest Service Roadless Area, Conservation, Final Environmental Impact Statement Volume Two, dated November 2000.

2

efforts to complete the SEIS and issue a Record of Decision within twenty-four months of the effective date of the Settlement Agreement.

2. The Forest Service will provide Plaintiffs with a current inventory of National Forest System roads and trails and unauthorized routes within IRAs on the four forests within two weeks of the effective date of the Settlement Agreement.

3. The Parties will engage in a collaborative process, to meet and exchange information, as follows:

   a. The Parties will use best efforts to review information regarding the road and trail inventory provided pursuant to Paragraph 2 above, as well as decommissioning and restoration efforts in IRAs that have taken place on the four forests since issuance of the revised forest plans, within two months of the effective date of the Settlement Agreement;

   b. The Parties will use best efforts to develop criteria for prioritizing road and trail decommissioning and/or restoration projects in IRAs within five months of the effective date of the Settlement Agreement;

   c. The Parties will use best efforts to identify a list of priority roads and trails for decommissioning and/or restoration projects in IRAs within seven months of the effective date of the Settlement Agreement.

4. The Forest Service will use best efforts to identify and apply for existing sources of funding, including but not limited to Legacy Roads and Trails funds, for priority decommissioning and restoration projects in the four forests, assuming these funds continue to be available.  If funding is secured, the Forest Service will use best efforts to make reasonable progress toward implementing the restoration and/or decommissioning

projects identified pursuant to Paragraph 3c above, after complying with NEPA procedures, as applicable. The Parties agree that the Forest Service is not required to seek appropriations for the projects identified in Paragraph 3.

5. Between the date of this Settlement Agreement and the issuance of an SEIS and Record of Decision, the Forest Service will:

   a. Complete annual monitoring and evaluation reports as required by Part 3 of Appendix C of the revised forest plans, and make such reports available to the public by October 31 of the following year, except that the 2009 report will be made available within two months of the effective date of the Settlement Agreement;

   b. Modify Schedules of Proposed Action (SOPAs) for the four forests to indicate whether projects are proposed within IRAs and provide the names of the affected IRA(s) in the SOPAs;

   c. Not approve activities in IRAs in the four forests that impair the wilderness values of those areas and limit the Forest Service's ability to recommend those areas for wilderness designation, except for: (1) activities needed to protect public health, safety, and property in cases of imminent threat; (2) activities required by law to be approved; (3) activities needed to manage or realign existing National Forest System roads; or (4) fuels reduction activities when necessary to reduce the risk of uncharacteristic fires and protect communities as long as the project does not involve road construction or reconstruction. Any roads constructed pursuant to one of the above exceptions shall be decommissioned as quickly as feasible when no longer needed. All activities within IRAs in the four forests must proceed in

4

Case 3:08-cv-01185-MHP   Document 77   Filed 01/04/11   Page 11 of 16

compliance with all laws, regulations, and any other applicable legal requirements.

6. The Forest Service will pay the Environmental Plaintiffs $250,000 in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, for all attorneys' fees and costs incurred by Plaintiff, individually and/or severally, in this litigation. As used in Paragraphs 6-9, "Environmental Plaintiffs" is defined to include: Center for Biological Diversity, Los Padres ForestWatch, California Native Plant Society, Defenders of Wildlife, California Wilderness Coalition, and The Wilderness Society. The Parties agree that Sierra Club, the People of the State of California, the California Natural Resources Agency, and the California Department of Forestry and Fire Protection are not requesting attorney's fees or costs.

7. The Forest Service's payment, as identified in Paragraph 6 above, shall be accomplished by electronic funds transfer to Earthjustice. Environmental Plaintiffs' attorneys shall provide the appropriate account number and other information needed to facilitate payment to the undersigned counsel. Defendants shall submit the paperwork for the payment within twenty (20) business days after the stipulation of dismissal is entered by the Court or Environmental Plaintiffs provide the necessary information as required to facilitate the payment, whichever is later. Environmental Plaintiffs' attorneys shall notify the Defendants' attorneys when payment is received.

8. The Environmental Plaintiffs agree that receipt of the full amount specified in Paragraph 6, above, from the Forest Service to Environmental Plaintiffs' attorneys shall operate as a

5

release of any and all claims for attorneys' fees and costs that Environmental Plaintiffs may seek to pursue in this litigation.

9. The Environmental Plaintiffs' attorneys are receiving funds in trust for Environmental Plaintiffs, and Environmental Plaintiffs and their attorneys agree to hold harmless Defendant in any litigation, further suit, or claim arising from the deposit of the agreed-upon $250,000 settlement amount into the Client Trust Account identified in Paragraph 7.

10. The Parties agree that they will submit the accompanying stipulation of dismissal and proposed order dismissing these cases with prejudice pursuant to Fed. R. Civ. P. 41, provided that the Court shall retain jurisdiction as specified in Paragraph 11. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). If the Court does not enter the Settlement Agreement, it is voidable by any party.

11. The Parties agree that the Court should retain jurisdiction over these matters solely to enforce the terms of this Settlement Agreement. In the event of a disagreement between the parties concerning any aspect of this Settlement Agreement, the dissatisfied Party shall provide the other Party with written notice of the dispute and a request for negotiations. The Parties shall meet and confer in order to attempt to resolve the dispute within 30 days of the written notice, or such time thereafter as is mutually agreed. If the Parties are unable to resolve the dispute within 60 days of such meeting, then either Party may file a motion to enforce the terms of the Agreement. Any challenge by Plaintiffs to the validity or sufficiency of the SEIS completed pursuant to Paragraph 1 above, including any challenge to the Forest Service's compliance with the provisions of Paragraph 1 concerning matters to be addressed in the SEIS, shall be made only upon completion of the SEIS and Plaintiffs' exhaustion of any and all available administrative

6

appeal opportunities. For cases brought pursuant to the Administrative Procedure Act, 7 U.S.C. §§ 701-706, the Court's review will be conducted only to the extent allowed by, and pursuant to, the judicial review provisions of the APA. The Parties agree that contempt of court is not an available remedy for any violation of this Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.

12. This Agreement is the result of compromise and settlement and does not represent an admission by any Party to any fact, claim, or defense in any issue in this lawsuit. This Agreement has no precedential value and shall not be cited in any other litigation except as necessary to enforce the terms of the Agreement.

13. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

14. Nothing in the terms of this Agreement shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

15. The undersigned representatives of the Parties certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this and to legally bind such Parties to it.

16. This Agreement represents the entirety of the Parties' commitments with regard to settlement. The terms of this Agreement shall become effective upon entry by the Court of the accompanying order of dismissal.

Attachment A

    Antimony
    Barker Valley
    Black Mountain
    Cactus Springs B
    Caliente
    Cedar Creek[2]
    Coldwater
    Cucamonga B
    Cucamonga C
    Cuyama
    Diablo
    Dry Lakes
    Eagle Peak
    Fish Canyon
    Fox Mountain
    Garcia Mountain
    Juncal
    Ladd
    Machesna Mountain
    Malduce  Buckhorn
    No Name
    Pyramid Peak A
    Quatal
    Raywood Flat B
    Red Mountain
    Salt Creek
    Sawmill Badlands
    Sespe Frazier
    Sill Hill
    Spoor Canyon
    Tequepis
    Trabuco
    Tule
    Upper San Diego River Gorge[2]
    White Ledge
    West Fork
    Westfork

---

[2] Cedar Creek and Upper San Diego River Gorge are areas the public has proposed for wilderness designation recommendation and were analyzed for potential wilderness designation recommendations in the Final EIS supporting the revised forest plans.  All other areas listed in Attachment A are IRAs.

8

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | Dated: December 15, 2010 |
| 5 | IGNACIA S. MORENO |
| 6 | Assistant Attorney General |
| 7 | */s/Alison D. Garner* |
|   | ALISON D. GARNER |
| 8 | KATHRYN M. LIBERATORE |
|   | Trial Attorneys |
| 9 | United States Department of Justice |
|   | Environment and Natural Resources Division |
| 10 | Natural Resources Section |
|   | P.O. Box 663, Ben Franklin Station |
| 11 | Washington, D.C. 20044-0663 |
|   | Telephone: (202) 514-2855 |
| 12 | Telephone: (202) 616-5082 |
|   | Facsimile:  (202) 305-0506 |
| 13 | alison.garner@usdoj.gov |
| 14 | kathryn.liberatore@usdoj.gov |
|   | Attorneys for Defendants U.S. Department of Agriculture, |
| 15 | U.S. Forest Service, Thomas J. Vilsack, acting in his |
|   | official capacity as Secretary of the Department of |
| 16 | Agriculture, Tom Tidwell, acting in his official capacity as |
|   | Chief of the U.S. Forest Service, and Randy Moore, acting |
| 17 | in his official capacity as Regional Forester for the Pacific |
|   | Southwest Region of the U.S. Forest Service |
| 18 | |
| 19 | */s/Erin M. Tobin* |
|   | Erin M. Tobin |
| 20 | Trent W. Orr |
|   | Earthjustice |
| 21 | 426 17th Street, 5th Floor |
|   | Oakland, CA 94612 |
| 22 | Tel.: (510) 550-6725 |
|   | Fax: (510) 550-6749 |
| 23 | etobin@earthjustice.org |
|   | torr@earthjustice.org |
| 24 | Attorneys for Plaintiffs Center for Biological Diversity, Los |
|   | Padres ForestWatch, California Native Plant Society, |
| 25 | Defenders of Wildlife, California Wilderness Coalition, |
|   | The Wilderness Society, and Sierra Club |
| 26 | */s/Brian Hembacher* |
|   | Brian Hembacher |
| 27 | Deputy Attorney General |
|   | California Attorney General's Office |
| 28 | 300 South Spring Street, Suite 1702 |

| | |
|---|---|
| 1 | Los Angeles, CA 90013 |
| 2 | Tel.: 213-897-2638<br>Fax: 213-897-2802 |
| 3 | Brian.Hembacher@doj.ca.gov<br>Attorney for People of the State of California, *ex rel.* |
| 4 | California Attorney General Edmund G. Brown Jr. |

*/s/Peter Southworth*
Peter Southworth
Deputy Attorney General
California Attorney General's Office
Land Law Section
1300 I Street, 15th Floor
Sacramento, CA 95814
Tel.: (916) 445 1685
Fax: (916) 327 2319
Peter.Southworth@doj.ca.gov
Attorney for California Natural Resources Agency and California Department of Forestry and Fire Protection

*/s/Paul A. Turcke*
Paul A. Turcke
Moore Smith Buxton & Turcke, Chartered
950 West Bannock, Suite 520
Boise, Idaho 83702
Tel.: 208-331-1807
Fax: 208-331-1202
pat@msbtlaw.com
Attorney for Intervenors Blue Ribbon Coalition, California Association of 4-Wheel Drive Clubs, California Enduro Riders Association and American Motorcyclist Association D36